FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Jun 21, 2018
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>MILIONIS CONSTRUCTION, INC., a Washington corporation; STEPHEN MILIONIS. an individual; and JEFFREY WOOD and ANNA WOOD, husband and wife, and the marital community composed thereof,<br><br>Defendants. | No. 2:17-CV-00341-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Plaintiff the Cincinnati Underwriters Insurance Company (Cincinnati) Motion for Summary Judgment, ECF No. 32. Cincinnati seeks a declaration that it has no duty to defend or indemnify Milionis in the underlying suit. Defendants Milionis Construction and Stephen Milionis oppose the motion, and defendants Jeffrey and Anna Woods separately oppose the motion. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

ORDER **-** 1

## BACKGROUND

**A. Procedural background**

This case arises from a lawsuit between Jeffrey and Anna Wood and Milionis Construction Company and Stephen Milionis in Spokane County Superior Court ("the underlying suit"). The Woods engaged Milionis Construction Company ("Milionis") to serve as the general contractor for the construction of a residential home in Newman Lake, Washington. In the underlying suit, the Woods allege that Milionis breached the parties' agreement by, among other things, failing to (a) perform in a workmanlike manner, (b) follow plans and specifications, (c) purchase and install required materials, (d) provide an accounting for fees, and (e) abandoning the job site. The Woods asserted claims for breach of contract, quantum meruit, promissory estoppel, breach of good faith and fair dealing, negligence, negligent misrepresentation, and violation of the Washington Consumer Protection Act.

After the Woods brought the underlying suit, Milionis tendered the suit to Cincinnati for defense and indemnity. Cincinnati is currently defending the underlying suit under a reservation of rights. Cincinnati brought this suit seeking declaratory judgment that it does not have a duty to defend or indemnify.

**B.     Factual background**

Cincinnati issued a commercial general liability policy, Policy Number CSU0053004 to Milionis in November 2014. The policy was effective from November 23, 2014, to November 23, 2016. The policy provides Milionis coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." ECF No. 34 at 29. The policy further states that Cincinnati has "the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." *Id.*

The policy also contains an Independent Contractors Limitations of Coverage Endorsement. *Id.* at 46. The endorsement requires Milionis to (a) obtain a formal written contract with all independent contractors and subcontractors verifying valid commercial general liability insurance, (b) obtain a formal written contract stating the independent contractor or subcontractor agrees to indemnify Milionis for any liability, and (c) verify in the contract that the independent contractor or subcontractor has named Milionis as an additional insured on the liability policy. *Id.* The endorsement provides "this insurance will not apply to any loss, claim or 'suit' for any liability or any damages arising out of operations or

completed operations performed for you by any independent contractors or subcontractors unless all of the above conditions are met." *Id.*

Milionis did not obtain written hold harmless agreements from its subcontractors and was not named as an additional insured on its subcontractors' policies. Cincinnati moves for summary judgment based on Milionis's failure to comply with those conditions. Milionis does not dispute these facts, but opposes summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586–87 (1986) (internal citation omitted). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Sgt. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "In short, what is required to defeat summary judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor.'" *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015)).

## DISCUSSION

**A. Cincinnati has a duty to defend Milionis in the underlying suit.**

Liability insurance policies generally impose on the insurer two distinct duties: the duty to defend the insured against lawsuits or claims and the duty to indemnify the insured against any settlements or judgments. *See Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (2010). The duty to defend is broader than the duty to indemnify. *Id.* The duty to defend exists if the policy conceivably covers the claim allegations, while the duty to indemnify exists only if the policy actually covers the claim. *Id.* To determine whether an insurer has a duty to defend, the Court looks only at the "eight corners" of the policy and the complaint. *Expedia, Inc. v. Steadfast Ins. Co.*, 329 P.3d 59 (Wash. 2014). Here, the complaint in the

underlying suit alleges statutory, contractual, and tort claims, the bases of which are conceivably covered under Milionis's general commercial liability policy with Cincinnati. Accordingly, Cincinnati has a duty to defend Milionis in the underlying suit.

### 1. The "Damage to Your Work" policy exclusion does not relieve Cincinnati of its duty to defend the underlying suit.

Cincinnati firsts argues that it has no duty to defend Milionis in the underlying suit based on the "Damage to Your Work" exclusion. The exclusion applies to "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" ECF No. 34 at 58. The products liability operations hazard includes "'all bodily injury' and 'property damage' . . . arising out of 'your product' or 'your work'" if the product is no longer in the insureds' possession or the work has been completed or abandoned. Thus, the "Damage to Your Work" policy exclusion limits coverage to property damage that occurs before the work has been completed or abandoned.

The "Damage to Your Work" policy exclusion does not necessarily preclude coverage for the claims asserted in the Woods' complaint in the underlying suit. The Woods allege that Milionis "performed numerous tasks in a substandard and unworkmanlike manner" including "failure to assert steel columns at necessary points in the basement walls per the structural detains of the engineering and architectural drawings" and "improperly stepping down the west side

foundation . . . [causing] the foundation wall to sit two feet higher than it was supposed to be." ECF No. 34 at 77. These allegations assert property damage that occurred before the work was completed or abandoned. Accordingly, the "Damage to Your Work" policy exclusion does not exclude coverage based on the facts alleged in the complaint.

    **2.    The independent contractor liability endorsement does not relieve Cincinnati of its duty to defend the underlying suit.**

Cincinnati next argues that the Woods' claims are not covered because Milionis failed to comply with the subcontractor endorsement. Again, this matter cannot be determined from the face of the policy and the complaint. The policy contains an Independent Contractors Limitations of Coverage endorsement, which permits coverage for "any loss, claim or 'suit' for any liability or any damages arising out of operations or completed operations performed for you by any independent contractors or subcontractors" as long as all conditions in the endorsement are met. Cincinnati asserts that Milionis failed to comply with the endorsement's requirements, however this cannot be determined from the eight corners of the policy and the complaint. Further, the underlying suit alleges causes of action that extend beyond "completed operations performed for [Milionis] by any independent contractors or subcontractors."

**B.    Questions of fact preclude summary judgment on Cincinnati's duty to indemnify Milionis for liability sustained in the underlying suit.**

ORDER - 7

Cincinnati also seeks summary judgment that it has no duty to indemnify Milionis for damages incurred in the underlying suit. The duty to indemnify is a separate obligation from the duty to defend. *New Hampshire Indem. Co., Inc. v. Budget Rent–A–Car Systems, Inc.*, 64 P.3d 1239, 1243 (Wash. 2003) (citing *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 15 P.3d 115, 134 (Wash. 2000)). The duty to indemnify turns on the insured's actual liability to the claimant and the actual coverage under the policy. *Hayden v. Mutual of Enumclaw Ins. Co.*, 1 P.3d 1167, 1171 (Wash. 2000). To determine coverage, the insured must establish that the loss falls within the scope of the policy's insured losses. *Allstate Ins. Co. v. Bowen*, 121 Wash. App. 1030 (2004). Because the underlying suit has not yet concluded, questions of fact remain regarding the basis of Milionis's actual liability, if any, to the Woods. Accordingly, summary judgment is not proper on this issue.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 32**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 21st day of June 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge