FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>MILIONIS CONSTRUCTION, INC., a Washington corporation; STEPHEN MILIONIS, an individual; and JEFFREY WOOD and ANNA WOOD, husband and wife, and the marital community composed thereof,<br><br>                Defendants. | No. 2:17-CV-00341-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE BREACH OF POLICY CONDITION** |

Before the Court is Plaintiff the Cincinnati Specialty Underwriters Insurance Company's ("Cincinnati") Motion for Partial Summary Judgment Re Breach of Policy Condition, ECF No. 84. Cincinnati seeks a declaration that Defendant Milionis Construction, Inc. ("Milionis") breached the policy's condition and that as such, any coverage is voided. *Id.* Defendants Jeffrey and Anna Wood oppose the motion as individual defendants and as assignees of Milionis and Defendant Stephen Milionis. ECF No. 94. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT RE BREACH OF POLICY CONDITION **-** 1

## BACKGROUND

**A. Procedural background**

This case arises from a lawsuit that Jeffrey and Anna Wood filed against Milionis and Stephen Milionis in the Spokane County Superior Court ("the underlying action") on November 18, 2016. The Woods had hired Milionis as the general contractor for the construction of a residential home. ECF No. 89-1 at 54. In the underlying action, the Woods alleged, *inter alia*, that Milionis breached the parties' agreement by leaving the home unfinished. *See generally id.* at 52–66.

Milionis and the Woods formally met on three separate occasions to mediate the dispute in the underlying action. On October 19, 2017, they reached a conditional settlement whereby the Woods were to be paid $399,514.58. ECF No. 110 at 8. Cincinnati declined to fund all of the proposed settlement and instead offered to contribute $100,000. *Id.* Thus, the settlement fell through and the parties proceeded to arbitration pursuant to the terms of their contract. *Id.* at 9.

On May 18, 2018, Milionis's defense counsel filed a partial summary judgment motion on all of the Woods's claims except for the breach of contract claim. *Id.* He also submitted, in preparation for the upcoming arbitration hearing, an arbitration brief setting forth Milionis's defenses to liability and damages. *Id.*

However, the arbitration hearing never took place because on May 29, 2018, Milionis and the Woods "agreed to settle and stipulate to a judgment" against

Milionis. ECF No. 92-2 at 9. On June 29, 2018, Milionis and the Woods filed a Stipulation and Joint Motion for Entry of Judgment. *See generally id.* They stipulated that the Woods were likely to prove, and a fact-finder would likely find, that Milionis acted negligently and that the Woods suffered damages. *Id.* at 5. On July 20, 2018, the state court granted the joint motion and entered a stipulated judgment against Milionis for damages "in the principal amount of $1,700,000, plus reasonable attorney fees and costs and interest." ECF No. 89-2 at 3.

While the underlying action was still pending, Milionis's insurer, Cincinnati, brought the instant action on September 29, 2017, seeking a declaratory judgment that it did not have a duty to defend or indemnify Milionis in the underlying action. ECF No. 1.

**B.   Liability policy**

On November 23, 2014, Cincinnati issued to Milionis a commercial general liability policy, Policy Number CSU0053004. ECF No. 88 at 2. It was effective until November 23, 2016. *Id.* The policy provides Milionis coverage for "sums that [it] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" ECF No. 89-1 at 8. This insurance applies to "bodily injury"

or "property damage"[1] only if "caused by an 'occurrence'[2] that takes place in the 'coverage territory.'" *Id.*

An amendment to the policy under "Commercial General Liability Conditions" relating to an insured's duties in the event of a lawsuit states that "no insured will admit to any liability, consent to any judgment, or settle any claim or 'suit' without [Cincinnati's] prior written consent" ("consent provision"). ECF No. 86 at 29. During both coverage years, Milionis's policy included this amendment. ECF No. 110 at 4.

## LEGAL STANDARD

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

---

[1] "Property damage" means "physical injury to tangible property, including all resulting loss of use of that property," or "loss of use of tangible property that is not physically injured." ECF No. 89-1 at 23.

[2] "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 22.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE BREACH OF POLICY CONDITION **-** 4

The moving party has the initial burden of showing that no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

"[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). If the nonmoving party fails to make such a showing for any of the elements essential to its case as to which it would have the burden of proof at trial, the trial court should grant the summary judgment motion. *Celotex*, 477 U.S. at 322.

The Court is to view the facts and draw inferences in the manner most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999). And, the Court "must not grant summary judgment based on [its] determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

## DISCUSSION

An insurer's duty to indemnify turns on the insured's actual liability to the

claimant and the actual coverage under the policy. *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wash. 2d 55, 64 (2000). In other words, the policy must actually cover the insured's liability. However, if an insured breaches a policy provision and the insured is actually prejudiced as a result of such breach, then the insurer's duty to perform (i.e., indemnify) is extinguished. *Pub. Util. Dist. No. 1 v. Int'l Ins. Co.*, 124 Wash. 2d 789, 803 (1994).

Cincinnati argues that its duty to provide any coverage to Milionis is extinguished because Milionis breached the consent provision. ECF No. 84 at 8–9. There is no dispute that Milionis did not obtain Cincinnati's written consent prior to entering into a settlement agreement with the Woods, admitting liability, and consenting to a $1.7 million judgment in the underlying action. Thus, Milionis undeniably breached the contract.

In response, however, the Woods argue that Cincinnati breached the contract first in bad faith, which excused Milionis of any duty to comply with the consent provision. ECF No. 94. They argue that Cincinnati refused to undertake a reasonable investigation, unreasonably failed to settle, and unreasonably denied coverage by putting its monetary interests ahead of Milionis's. *Id.* at 5.

Indeed, when a contract requires performance by both parties, the party claiming nonperformance (i.e., breach) of the other must establish the party's own performance. *Willener v. Sweeting*, 107 Wash. 2d 388, 394 (1986). "Thus, the first

issue to resolve is whether [Cincinnati] sufficiently performed under the agreement to claim nonperformance of [Milionis]." *Id.* This is a question of fact. *Id.*

Here, the record reflects that Cincinnati was in the process of investigating coverage when the case settled. *See, e.g.*, ECF No. 86 at 84–87 ("Please provide us all documents and information relating to such damage immediately."). Moreover, the Woods submit an expert report opining that Cincinnati acted improperly in handling the claim by, *inter alia*, (1) failing to timely split the file between a liability representative and a coverage counsel for almost six months, (2) allowing direct communications between the representative and counsel, and (3) failing to consider the recommendations or analyses of counsel prior to the mediation conferences. ECF No. 93-1. In doing so, the expert notes, Cincinnati was focused at the outset only on its "no coverage" position, and did not consider its duty of good faith to Milionis. *Id.* at 3–4.

On the other hand, the record also reflects that Cincinnati continued to engage in the mediation proceedings and raised the amount it offered to contribute toward settlement from $60,000 to $100,000. ECF No. 86 at 87. And it was not obliged to accept the nearly $400,000 settlement amount, as an insurer's obligation does not require it to "pay the settlement or prohibit [it] from considering coverage issues when deciding how much to contribute to a settlement." *Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc.*, 132 F. Supp. 3d 1275, 1290 (W.D. Wash. 2015).

Moreover, Cincinnati ultimately split the file between a liability representative and a coverage counsel when Milionis's personal counsel began to claim that Cincinnati was acting in bad faith.

Having reviewed the evidence in the record, the Court concludes that a rational trier of fact could find in the Woods's favor—that is, that Cincinnati had not performed its duty of good faith and fair dealing such that Milionis was excused from performing its own duties. As such, Cincinnati is not relieved of its own duty to indemnify, and the Court denies it summary judgment.

Accordingly, **IT IS HEREBY ORDERED**:

> Plaintiff's Motion for Partial Summary Judgment Re Breach of Policy Condition, **ECF No. 84**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of November 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge