FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,<br><br>                Plaintiff,<br><br>  v.<br><br>MILIONIS CONSTRUCTION, INC., a Washington corporation; STEPHEN MILIONIS, an individual; and JEFFREY WOOD and ANNA WOOD, husband and wife, and the marital community composed thereof,<br><br>                Defendants. | No.   2:17-CV-00341-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE BAD FAITH, INSURANCE FAIR CONDUCT ACT, AND CONSUMER PROTECTION ACT** |

Before the Court, without oral argument, is Plaintiff the Cincinnati Specialty Underwriters Insurance Company's ("Cincinnati") Motion for Partial Summary Judgment Re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act, ECF No. 81. Cincinnati moves for partial summary judgment on Defendants' counterclaims. *Id.* Defendants Jeffrey and Anna Wood oppose the motion as individual defendants and as assignees of Milionis and Defendant Stephen Milionis. ECF No. 94. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants in part and denies in part the motion.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIMS - 1

## BACKGROUND

This case arises from a lawsuit that Jeffrey and Anna Wood filed against Milionis and Stephen Milionis in the Spokane County Superior Court ("the underlying action") on November 18, 2016. The Woods had hired Milionis as the general contractor for the construction of a residential home. ECF No. 89-1 at 54. In the underlying action, the Woods alleged, *inter alia*, that Milionis breached the parties' agreement by leaving the home unfinished. *See generally id.* at 52–66.

Milionis and the Woods formally met on three separate occasions to mediate the dispute in the underlying action. On October 19, 2017, they reached a conditional settlement whereby the Woods were to be paid $399,514.58. ECF No. 110 at 8. Cincinnati declined to fund all of the proposed settlement and instead offered to contribute $100,000. *Id.* As such, that settlement fell through; nonetheless, Milionis and the Woods ultimately settled and stipulated to a $1.7 million judgment against Milionis, which the state court entered. *See* ECF Nos. 92-2, 89-2.

While the underlying action was still pending, Milionis's insurer, Cincinnati, brought the instant action on September 29, 2017, seeking a declaratory judgment that it did not have a duty to defend or indemnify Milionis in the underlying action. ECF No. 1. It continued to defend Milionis under a reservation of rights. Milionis filed counterclaims against Cincinnati for bad faith, violation of the Insurance Fair

Conduct Act, and violation of the Consumer Protection Act. ECF No. 22. The counterclaims are now being pursued by the Woods as Milionis's assignees pursuant to their settlement agreement in the underlying action. ECF No. 81 at 2.

## LEGAL STANDARD

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of showing that no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

"[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'"

*Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). If the nonmoving party fails to make such a showing for any of the elements essential to its case as to which it would have the burden of proof at trial, the trial court should grant the summary judgment motion. *Celotex*, 477 U.S. at 322.

The Court is to view the facts and draw inferences in the manner most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999). And, the Court "must not grant summary judgment based on [its] determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

**DISCUSSION**

**A. Bad Faith**

Cincinnati moves for summary judgment on the bad faith counterclaim, arguing that it fully defended Milionis in the underlying action and offered reasonable amounts to settle even if the policy potentially provided no coverage. ECF No. 81 at 2. In response, the Woods argue that Cincinnati in bad faith failed to conduct a reasonable and thorough investigation of the claims and related facts. ECF No. 94 at 16.

An insurer has a duty of good faith to its policyholder, and violating that duty may give rise to a tort action for bad faith. *See Smith v. Safeco Ins. Co.*, 150 Wash.

2d 478, 484 (2003). To establish a breach of the common law duty of good faith, a plaintiff must prove a defendant's action "was unreasonable, frivolous, or unfounded." *Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 161 Wash. 2d. 903, 916 (2007). Reasonableness is assessed in light of all the facts and circumstances of the case. *Anderson v. State Farm Mut. Ins. Co.*, 101 Wash. App. 323, 329–30 (2000). Accordingly, Cincinnati is entitled to summary judgment on Defendants' bad faith counterclaim only if there are no disputed material facts pertaining to the reasonableness of its conduct under the circumstances. *See Smith*, 150 Wash. 2d at 484.

Where, as here, Cincinnati defended Milionis in the underlying action under a reservation of rights, which comes with "inherent" conflicts of interest, it must fulfill an "enhanced obligation" of fairness as part of its duty of good faith. *Tank v. State Farm Fire & Cas. Co.*, 105 Wash. 2d 381, 387 (1986).

> This enhanced obligation is fulfilled by meeting specific criteria. First, the company must thoroughly investigate the cause of the insured's accident and the nature and severity of the plaintiff's injuries. Second, it must retain competent defense counsel for the insured. Both retained defense counsel and the insurer must understand that only the insured is the client. Third, the company has the responsibility for fully informing the insured not only of the reservation-of-rights defense itself, but of all developments relevant to his policy coverage and the progress of his lawsuit. Information regarding progress of the lawsuit includes disclosure of all settlement offers made by the company. Finally, an insurance company must refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk.

*Id.* at 388.

Here, the record reflects that Cincinnati was in the process of investigating coverage when the case settled. *See, e.g.*, ECF No. 86 at 84–87 ("Please provide us all documents and information relating to such damage immediately."). Moreover, the Woods submit an expert report opining that Cincinnati acted improperly in handling the claim by (1) failing to timely split the file between a liability representative and a coverage counsel for almost six months, (2) allowing direct communications between the representative and counsel, and (3) failing to consider the recommendations or analyses of counsel prior to the mediation conferences. ECF No. 93-1. In doing so, the expert notes, Cincinnati was focused at the outset only on its "no coverage" position, and did not consider its "enhanced" duty of good faith to Milionis. *Id.* at 3–4.

On the other hand, the record also reflects that Cincinnati continued to engage in the mediation proceedings and raised the amount it offered to contribute toward settlement from $60,000 to $100,000. ECF No. 86 at 87. And it was not obliged to accept the nearly $400,000 settlement amount, as an insurer's obligation does not require it to "pay the settlement or prohibit [it] from considering coverage issues when deciding how much to contribute to a settlement." *Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc.*, 132 F. Supp. 3d 1275, 1290 (W.D. Wash. 2015). Moreover, Cincinnati ultimately split the file between a liability representative and

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIMS - 6

a coverage counsel when Milionis's personal counsel began to claim that Cincinnati was acting in bad faith.

In light of all the facts and circumstances of this case, the Court concludes that a reasonable jury could find in the Woods's favor that Cincinnati acted in bad faith. Because there are disputed material facts pertaining to the reasonableness of Cincinnati's conduct under the circumstances, *see Smith*, 150 Wash. 2d at 484, Defendant is not entitled to summary judgment on this counterclaim.

**B.     Insurance Fair Conduct Act**

The Insurance Fair Conduct Act ("IFCA") establishes a cause of action when an insurer "unreasonably" denies a coverage claim or benefit payments. Wash. Rev. Code § 48.30.015(1). The Woods oppose summary judgment by concluding, without analyzing or pointing to any facts or authority, that it cannot be reasonably disputed that Cincinnati unreasonably denied coverage. ECF No. 94 at 17. The Court disagrees.

There is no evidence in the record of Cincinnati ever having denied coverage, or having done or said anything that could reasonably be construed as having denied coverage. While it filed the instant action seeking declaratory judgment that it had no duty to defend or indemnify, Cincinnati never ceased to defend Milionis in the underlying action under a reservation of rights. *See Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wash. 2d 398, 405 (2010) ("If the insurer is unsure of its

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIMS - 7

obligation to defend in a given instance, it may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend."). And even up until the Woods and Milionis reached a settlement agreement, Cincinnati sought information to determine whether there was coverage. *See, e.g.*, ECF No. 86 at 84–87 ("Please provide us all documents and information relating to such damage immediately.").

Accordingly, because there was never a denial of coverage and the Woods don't point to any contrary evidence, the Court grants Cincinnati summary judgment on the IFCA counterclaim.

**C.     Consumer Protection Act**

The Consumer Protection Act ("CPA") prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. Wash. Rev. Code § 19.86.020. A prima facie CPA claim requires a plaintiff to show: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting the public interest; (4) an injury to the business or property; (5) that is proximately caused by the unfair or deceptive act or practice. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784–85 (1986). Whether an alleged act or practice is unfair or deceptive is a question of law. *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 131 Wash. 2d 133, 155 (1997).

The Woods argue that Cincinnati's deceptive acts include: "(1) failing to

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIMS **-** 8

adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (2) refusing to pay claims without conducting a reasonable investigation; (3) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and (4) failing to promptly settle claims, where liability has become reasonably clear." ECF No. 94 at 18.

However, such assertions, without any supporting evidence in the record, are insufficient for the Woods to show that Cincinnati engaged in deceptive acts, which would be their burden at trial. *See Celotex*, 477 U.S. at 322. The record is devoid of facts indicating that Cincinnati did not promptly investigate or that it refused to pay claims. And liability never became reasonably clear, as the Woods and Milionis reached a settlement agreement before any adjudication on the merits in the underlying action.

Moreover, the Woods make no additional arguments for the remaining elements of the claim. As failure to meet any element under the CPA is fatal to the claim, *Sorrel v. Eagle Healthcare*, 110 Wash. App. 290, 298 (2002), the Court grants Cincinnati summary judgment on this counterclaim.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment Re Bad Faith, Insurance Fair Conduct Act, And Consumer Protection Act, **ECF No.**

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIMS - 9

**81**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Clerk's Office is **DIRECTED** to **ENTER JUDGMENT** for Plaintiff on Defendants' Insurance Fair Conduct Act and Consumer Protection Act counterclaims.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of November 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIMS - 10