FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>MILIONIS CONSTRUCTION, INC., a Washington corporation; STEPHEN MILIONIS, an individual; and JEFFREY WOOD and ANNA WOOD, husband and wife, and the marital community composed thereof,<br><br>Defendants. | No. 2:17-CV-00341-SMJ<br><br>**ORDER ON MOTIONS FOR RECONSIDERATION** |

Before the Court, without oral argument, are Defendants Jeffrey and Anna Wood's (the "Woods") Motion for Reconsideration Re: IFCA and CPA, ECF No. 136, and Motion for Reconsideration Re: Coverage, ECF No. 140.[1] On November 20, 2018, the Court granted in part and denied in part Plaintiff the Cincinnati Specialty Underwriters Insurance Company's ("Cincinnati") motion for partial summary judgment on the Woods' counterclaims. ECF No. 123. It granted summary

---

[1] The motions are timely. *See* ECF No. 23 at 8.

ORDER ON MOTIONS FOR RECONSIDERATION **-** 1

judgment in Cincinnati's favor on the Woods' Insurance Fair Conduct Act ("IFCA") and Consumer Protection Act ("CPA") counterclaims, but denied Cincinnati summary judgment as to the Woods' bad faith counterclaim. On November 26, 2018, the Court granted Cincinnati's renewed motion for partial summary judgment regarding coverage. ECF No. 125.

Motions for reconsideration are generally disfavored, but are appropriately granted if the Court "committed clear error or the initial decision was manifestly unjust." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Or, the Court may be "presented with newly discovered evidence" or "an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Here, both of the Woods' motions are premised on manifest error and injustice. *See* ECF Nos. 136 & 140.

<u>*First*</u>, the Woods assert that by granting Cincinnati summary judgment on the issue of coverage, the Court "caused manifest injustice to the Woods relative to their bad faith claim." ECF No. 136 at 2. They argue that in granting the motion, the Court "sanctioned Cincinnati's bad faith" and that because the bad faith claim is unresolved, "the issue of coverage must also survive to trial." *Id.* at 3. They cite *Safeco Insurance Company of America v. Butler*, 118 Wash. 2d 383, 392 (1992), where the Washington Supreme Court held that "where an insurer acts in bad faith

in handling a claim under a reservation of rights, the insurer is estopped from denying coverage."

The Woods are incorrect. If "the [Woods] prevail on their bad faith claim, then [Cincinnati] is estopped from asserting this coverage defense." *Id.* at 406. However, nothing prevents this Court from holding, under contractual principles, that Cincinnati is "not obligated to provide coverage." *Id.* (affirming grant of summary judgment in favor of insured on coverage issue, but also affirming denial of summary judgment on bad faith issue). In fact, the *Safeco* court explained the distinction between estoppel from denying coverage, which is the remedy for the tort of bad faith, and coverage under contractual principles. *Id.* at 392–94.

*Second*, the Woods assert that the record reflects "the insurer's unreasonable failure to pay to indemnify its insured, Milionis." ECF No. 136 at 4. This, the Court gathers from the Woods' argument, apparently amounts to a denial of benefit payments under the IFCA.[2] Even putting aside the Woods' attempt to frame this as a denial of benefit payments as opposed to a denial of coverage, the Woods again fail to make any legal arguments, or cite cases, supporting their contention that failing to indemnify Milionis, including failing to pay a conditional settlement, should amount to a denial of benefit payments that are owed under the policy.

---

[2] The Woods no longer attempt to argue that this amounted to an actual denial of coverage. *Compare* ECF No. 136, *with* ECF No. 94.

Instead, they focus on the unreasonableness of Cincinnati's conduct. *Id.* at 3–4. But because they again cannot show actual *denial* of benefit payments, the Court rejects this argument without reaching the reasonableness component of the IFCA.

<u>Third</u>, the Woods argue that their CPA counterclaim should not have been dismissed because there is enough evidence on the record to support their argument that Cincinnati's deceptive acts included "(1) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (2) refusing to pay claims without conducting a reasonable investigation; (3) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and (4) failing to promptly settle claims, where liability has become reasonably clear." ECF No. 94 at 18; *see also* ECF No. 136 at 4. Again, the Court rejects the Woods' argument based on those specific, alleged per se violations of Washington Administrative Code § 284-30-330 because it is unsupported by the record. *See* ECF No. 123 at 9.

However, the Woods additionally argue, for the first time in their motion for reconsideration, that their CPA claim is premised on bad faith in insurance matters. ECF No. 136 at 5 (citing *Wellman & Zuck, Inc. v. Hartford Fire Ins. Co.*, 170 Wash. App. 666, 678 (2012)). Indeed, "an insurer's breach of its duty of good faith, [Revised Code of Washington §] 48.01.030, constitutes a per se violation" of the

CPA. *Gingrich v. Unigard Sec. Ins. Co.*, 57 Wash. App. 424, 433 (1990) (citing *Salois v. Mut. of Omaha Ins. Co.*, 90 Wash. 2d 355, 359 (1978)).

While a motion for reconsideration may not raise legal arguments that could have been presented at the time of the challenged decision, it is within the Court's sound discretion to nonetheless grant reconsideration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883, 890 (9th Cir. 2000). The Court decides here to allow the CPA claim premised on bad faith to proceed to trial to prevent manifest injustice. Cincinnati is not prejudiced by the Court's granting the Woods relief on this counterclaim, as this CPA claim is closely related to the surviving bad faith counterclaim. Moreover, the Court *sua sponte* expedited consideration of these motions knowing that the parties are preparing for trial.

*Lastly*, the Woods argue that the Court erred in failing to give deference to the Spokane County Superior Court's rulings, stipulated judgment, and findings, including a finding that "the negligent actions and omissions by [Milionis] have proximately caused the structure and associated materials comprising the partially-completed improvement to suffer damage." ECF No. 140 at 2. The Woods assert that the Court did not give preclusive effect to such findings and judgment in holding that Cincinnati did not owe coverage to Milionis because all the alleged damage arose from the work of subcontractors. *Id.* at 3. And the Woods conclusively assert that "all of the necessary elements for collateral estoppel have

been established" because Cincinnati is bound by the findings, conclusions, and judgment entered in the underlying action against Milionis. *Id.*; *see Mut. of Enumclaw Ins. Co. v. T&G Constr., Inc.*, 165 Wash. 2d 255, 263 (2008).

> Before the doctrine of collateral estoppel may be applied, the party asserting the doctrine must prove: (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.

*Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wash. 2d 255, 262–63 (1998).

"Where an issue arises in two entirely different contexts, th[e] [identical issue] requirement is not met." *McDaniels v. Carlson*, 108 Wash. 2d 299, 305 (1987). Moreover "collateral estoppel precludes only those issues that have actually been litigated and determined." *Id.* "Where, for example, an earlier judgment has been entered upon stipulated findings of fact and embodying a settlement of the parties, appellate courts have refused to apply collateral estoppel against persons not actually participating in the stipulations." *Id.* (*citing* Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 Wash. L. Rev. 805, 833 (1985)).

Here, the Woods' argument does not pass muster in the first instance because they have not shown that the issues decided in the underlying action—which arose in an entirely different context—were identical to the one before the Court. The issue before this Court was whether Cincinnati owed Milionis coverage under its

liability policy,[3] not whether Milionis had breached its tort and contract duties and whether the stipulated judgment was reasonable. *See* ECF No. 92-4 at 6–7. The "issue" of coverage is distinct. *Yakima Cement Prod. Co. v. Great Am. Ins. Co.*, 14 Wash. App. 557, 563 (1975) ("The issue of coverage has never been litigated."). The Woods proffer no legal argument indicating otherwise.

And even assuming *arguendo* that the issues were identical, the Woods have not articulated that the issue was actually litigated because the state court entered judgment based on the parties' stipulations and settlement. *See McDaniels*, 108 Wash. 2d at 305. Nor have they shown other requirements, such as that the issue must have been material and essential. *See Yakima Cement Prod. Co. v. Great Am. Ins. Co.*, 14 Wash. App. 557, 561 (1975); *Green v. City of Wenatchee*, 148 Wash. App. 351, 364 (2009). Thus, the Court rejects the Woods' argument.

---

[3] The interpretation of insurance policy language is a question of law, *State Farm Gen. Ins. Co. v. Emerson*, 102 Wash. 2d 477, 480 (1984), so the Court rejects the Woods' additional argument that the Court supplanted the role of the jury in deciding that there was no coverage. ECF No. 140 at 5. There were no facts in the record indicating that damage occurred as a result of excavation work. While the Woods cite to ECF No. 92-7 at 34–35, and ECF No. 92-14 at 36 and 41–44, in maintaining that Cincinnati representatives had admitted coverage, the Court finds no concession of coverage in the cited pages. In fact, representatives dispute that there was even an occurrence. *See* ECF No. 92-14 at 42 ("I believe one of the positions we are taking is that there is no occurrence.").

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Reconsideration Re: IFCA and CPA, **ECF No. 136**, is **GRANTED IN PART AND DENIED IN PART**.

2. Defendants' Motion for Reconsideration Re: Coverage, **ECF No. 140**, is **DENIED**.

3. The Clerk's Office is directed to **VACATE** the judgment entered on November 20, 2018, **ECF No. 124**.

4. The Clerk's Office is directed to **REENTER** judgment for Plaintiff on Defendants' Insurance Fair Conduct Act counterclaim pursuant to this Order and the Court's previous order, ECF No. 123.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 10th day of December 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge